UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD PLAZA,

                         Plaintiff,

    v.                                                  9:25-CV-1466 (AJB/MJK)

KATHLEEN MASIELLO et al.,

                         Defendants.
_____

APPEARANCES:

RONALD PLAZA
Plaintiff, pro se
**Last Known Address**
16-A-3412
Wallkill Correctional Facility
Box G
Wallkill, NY 12589


ANTHONY J. BRINDISI
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

In October 2025, plaintiff Ronald Plaza commenced this action by filing a pro se civil rights complaint, application to proceed in forma pauperis ("IFP"), and motion for a temporary restraining order and preliminary injunctive relief. *See* Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 3 ("Motion for Injunctive Relief"). By Order entered on October 22, 2025, this case was administratively closed based on plaintiff's failure to comply with the filing

1

fee requirement.  Dkt. No. 4 ("Administrative Closure Order").  Thereafter, plaintiff filed the inmate authorization form required in this District and the Clerk was directed to reopen this action and restore it to the Court's active docket.  Dkt. No. 5 ("Authorization Form"); Dkt. No. 6 ("Re-Opening Order").

## II.   DISCUSSION

### A.   IFP Application

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced, unless an IFP application is submitted to the Court.  See 28 U.S.C. §§ 1914(a), 1915(a).

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1]  Where a plaintiff has been granted in forma pauperis status, service of process is effected on his or her behalf by the U.S. Marshals Service.  See Fed. R. Civ. P. 4(c)(3) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases.").  "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court."  *DiGianni v. Pearson Educ.*, No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Plaintiff was confined at Wallkill Correctional Facility when he signed the complaint and returned the Authorization Form to the Court.  Dkt. No. 1 at 6, 47; Dkt. No. 5 at 2.

---

[1] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Cash*, 2010 WL 5185047, at *1.

According to information publicly available on the website for the New York State Department of Corrections and Community Supervision, plaintiff was released from custody on parole on November 10, 2025.  See http://nysdoccslookup.doccs.ny.gov (last visited Nov. 21, 2025).  Because the IFP Application does not reflect plaintiff's current post-release financial condition, the Court cannot determine whether he has established sufficient economic need.  Accordingly, the IFP Application is denied without prejudice and with leave to renew.[2]

    **B.**    **Change of Address**

Rule 10.1(c)(2) of the Local Rules of Practice of the Northern District states, in relevant part, that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address."  N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).[3]  This notification is essential to the orderly disposition of cases.  Indeed, as previously noted in this District:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to

---

[2] In light of plaintiff's release from prison, the Clerk is directed to strike the Authorization Form as unnecessary.

[3] Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y.L.R. 41.2(b).

comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

This matter cannot proceed without plaintiff's notification to the Court of his current address. Moreover, plaintiff was previously advised in the Administrative Closure Order that he has an obligation to maintain a current address, yet he failed to comply with this directive. *See* Administrative Closure Order at 2. Thus, it is unclear whether plaintiff wishes to continue with this action.

Accordingly, if plaintiff wishes to proceed with this action, he must do the following within thirty (30) days: (1) notify the Court of his current address; and (2) comply with the filing fee requirement by either paying the $405.00 filing fee in full, or submitting a renewed IFP application detailing his current post-release financial condition. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action without prejudice, without further order of this Court.

### C.     Motion for Injunctive Relief

This action cannot proceed unless and until plaintiff provides the Court with an appropriate address for mailing and complies with the filing fee requirement. Accordingly, plaintiff's Motion for Injunctive Relief is denied without prejudice as premature. In the event plaintiff fully complies with this Decision and Order, he may renew his request for injunctive relief should he believe it still remains meritorious despite his release from custody.

## III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the IFP Application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew** as set forth above; and it is further

**ORDERED** that plaintiff's authorization form (Dkt. No. 5) is **STRICKEN** from the docket as unnecessary; and it is further

**ORDERED** that plaintiff's Motion for Injunctive Relief (Dkt. No. 3) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that should plaintiff wish to proceed with this action, he must do the following within thirty (30) days: (1) provide this Court with an updated mailing address; and (2) either (i) pay the $405.00 filing fee, or (ii) submit a renewed IFP application detailing his current post-release financial condition; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk shall return the file to the Court for further consideration; and it is further

**ORDERED** that in the event plaintiff fails to timely comply with this Decision and Order, this action will be **DISMISSED without prejudice** without further Order of the Court for failure to comply with the filing fee requirement and prosecute this action, and the Clerk shall close this case; and it is further

**ORDERED** that the Clerk serve this Decision and Order on plaintiff by mail at his last known address.  The Clerk shall also send plaintiff a blank IFP application.

**IT IS SO ORDERED**.

Dated:  November 24, 2025
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge